McCLOUD-LOVE LIVE STOCK COMMISSION COMPANY v. JAMES M. DOUD.

FILED OCTOBER 5, 1898. NO. 8299.

Trial: OPENING CAUSE: ADDITIONAL TESTIMONY: REVIEW. Under the existing conditions of the issues and the showing made, *held* that there was no reversible error in the refusal of the district court, after final submission, to open a cause for the reception of additional testimony.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*Hall, McCulloch & Clarkson,* for plaintiff in error.

*Eli H. Doud* and *Duffie & Van Dusen, contra.*

RYAN, C.

This action was brought in the district court of Douglas county upon an account stated and there was judgment as prayed. The answer, in addition to a denial of authority to any one to make the alleged statement of account on behalf of defendant, contained averments that business transactions between plaintiff and defendant of a nature similar to those set forth in the stated account alleged in the petition were carried on prior to the first item in said stated account and up to about October 31, 1890; that during said transactions moneys, drafts, and checks passed between plaintiff and defendant, and that, from time to time, settlements were had and payments of balances between them were made; that on October 31, 1890, all differences, obligations, debts, claims, and demands of every nature were settled, adjusted, and paid. These averments were put in issue by a reply filed during the progress of the trial February 23, 1895. Subsequently, as seems to be conceded by both parties after the cause had been submitted for judgment upon the merits, the defendant in the district court filed a motion to open the cause for the introduction of further evidence. This, it was set forth, was to be the testimony of J. M. Bennett, now a resident of the state of New York, and whose whereabouts was not known until after the case had been submitted to the court for determination. By the affidavits in support of this motion it was made to appear that Bennett, when his address was learned, had been telegraphed as follows: "Doud sues us for $500, and swears that you admitted debt and promised to pay it. Is it true or false? Wire answer." To which Bennett answered by telegram: "There is no truth whatever. Know nothing of it." It is not shown that any effort

whatever had been put forth before or during the progress of the trial to learn where Bennett might be living. It was disclosed on the trial that the statement of the account was with Bennett, who was an officer of the defendant, and that he assented to the stated account. There was then no suggestion of surprise. After the case had been under advisement some time this application was made, with no showing why the whereabouts of Bennett had not been sooner learned. It was alleged that if the cause should be opened it would be disclosed that a judgment in fact ought to be rendered in favor of the defendant in the district court. We cannot see how this could be available to the said defendant, for its answer furnished the foundation for no such a judgment. Under the circumstances we cannot say that the district court erred in refusing to open the cause and permit the introduction of additional testimony.

As the trial was to the court, the alleged errors in the introduction of evidence cannot be considered. The judgment of the district court is

AFFIRMED.